IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


CRYSTAL D. CONKLIN                                                                    PLAINTIFF

vs.                                          Civil No. 6:07-cv-6071

MICHAEL J. ASTRUE                                                                    DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Crystal D. Conklin ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her application for

Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to

the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion

and orders the entry of a final judgment in this matter.

1. <u>Background:</u>

Plaintiff filed an application for SSI on April 27, 2005.  (Tr. 54-55).  In this application and

in the supporting documents filed with the SSA, Plaintiff alleged she was disabled due to anxiety

and depression.  (Tr. 70).  Plaintiff alleged an onset date of January 31, 2003.  (Tr. 54).  These

applications were initially denied on June 15, 2005 and were denied again on reconsideration on

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for
this case are referenced by the designation "Tr."

1

October 6, 2005. (Tr. 34-36, 44-50).

On November 14, 2005, Plaintiff requested an administrative hearing on her application. (Tr. 39). The hearing was held on February 8, 2007 in Hot Springs, Arkansas. (Tr. 413-436). Plaintiff was present and was represented by counsel, Shannon Carroll, at this hearing. *See id.* Vocational Expert ("VE") Dr. Vance Sales, and witness Fran Honeycut, also testified at this hearing. *See id.*

On April 26, 2007, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 11-18). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 31, 2003, her alleged onset date. (Tr. 13, Finding 1). The ALJ determined Plaintiff had the following severe impairments: an anxiety disorder, major depression and alcohol/substance abuse. (Tr. 13, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 3).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 14-16, Finding 4). The ALJ evaluated Plaintiff's subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of 20 C.F.R. § 416.929. (Tr. 14-16). After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other symptoms, based upon several findings, including the following: (1) Plaintiff did not seek treatment for depression until January 2005 despite her allegation of being unable to work since January 31, 2003; (2) Plaintiff was not compliant with her medication (3) her daily activities have not been more than minimally limited; (4) no doctor has placed any restrictions on her daily activities; (5) Plaintiff can manage her own personal needs and

household work; and (6) no physician has placed any functional restrictions on Plaintiff. (Tr. 14-18).

After discounting Plaintiff's subjective complaints, the ALJ the reviewed all the medical evidence and the hearing testimony and determined Plaintiff's RFC. (Tr. 14-16, Finding 4). Specifically, the ALJ determined Plaintiff retained the RFC for work at all exertional levels. The ALJ specifically found:

> After carful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to work at all exertional levels. Despite mental impairments, she retains the mental capacity to perform the basic mental demands of competitive, remunerative, unskilled work on a sustained basis

(Tr. 14, Finding 4). *See* 20 C.F.R. § 416.967(a).

The ALJ then determined Plaintiff was unable to perform her Past Relevant Work ("PRW") but was able to perform work existing in significant numbers in the national economy. (Tr. 16-17, Findings 5, 9). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 417-419, 433-435). The VE testified that a hypothetical person with Plaintiff's RFC could not return to Plaintiff's PRW. (Tr. 433-434).

However, the VE then testified a hypothetical person with Plaintiff's RFC, age, education, and work experience could perform other work in the national economy. (Tr. 434-435). For example, the VE testified such a hypothetical person could perform work as a laundry and dry cleaner (1300 such jobs in the State of Arkansas and 235,000 in the nation), hand packager (7,000 such jobs in the State of Arkansas and 394,000 in the nation), and stockers and material handler (6000 such jobs in the State of Arkansas and 800,000 in the nation). (Tr. 17, finding 9). The ALJ went on to find Plaintiff was not under a disability from the date of her application through the date of the decision. (Tr. 17, Finding 10).

On May 9, 2007, Plaintiff requested the Appeals Council review the ALJ's unfavorable

decision. (Tr. 7). *See* 20 C.F.R. § 404.984(b)(2). The Appeals Council declined to review the decision of the ALJ. (Tr. 3-5). On September 19, 2007, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). The parties consented to the jurisdiction of this Court on October 5, 2007. (Doc. No. 4). The case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

4

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

The Plaintiff appealed the decision of the Commissioner finding her not disabled. She claims the ALJ erred by not finding Plaintiff has an impairment, or a combination of impairments, equal to one listed in 20 C.F.R. §404.1501, *et seq.*, Appendix 1; the ALJ erred in failing to address Plaintiff's non-exertional limitations, and the ALJ failed to fully and fairly develop the record. The Defendant argues Plaintiff's impairments do not meet or equal an impairment of listing level

severity, substantial evidence supports the ALJ's RFC assessment, and the ALJ properly developed the record.

### A. ALJ's Evaluation of the Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included an anxiety disorder, major depression and alcohol/substance abuse. (Tr. 13, Finding 2). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff first attempts to show she has a listed impairment by setting forth eight (8) diagnoses that appear throughout the record. (Doc. No. 7 pg. 2-3). However, Plaintiff fails to show her alleged impairments meet or equal any specific listing. A diagnosis is not disabling *per se*. There must be a functional loss establishing an inability to engage in substantial gainful activity before a disability occurs. *See Trenary v. Brown*, 898 F.2d 1361,1364 (8th Cir. 1990).

Plaintiff then specifically argues she meets or equals Listing 12.00, et seq for Mental Disorders. Plaintiff does not list a specific Listing under 12.00 that she meets, rather, she argues she

meets the requirements of the part "B"criteria that are found in several of the mental disorder listings. These mental disorder listings require that at least two of the following part "B" criteria be satisfied: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration.

The record medical evidence does not support a finding that Plaintiff meets any Listing under 12.00. On June 13, 2005, Dr. Brad Williams completed a Psychiatric Review Technique form on Plaintiff. (Tr. 101-114). Dr. Williams concluded Plaintiff had no more than moderate limitations in functioning and had no episodes of decompensation. (Tr. 111).

Plaintiff's primary mental health treatment came from Therapeutic Family Services Case Management. (Tr. 117-305, 332-409). From February 8, 2005 through February 1, 2007, Plaintiff was seen 122 times in various types of therapy sessions. Every time she was seen, with the exception of three (3) sessions, she was reported to have only mild or moderate levels of difficulties in functioning. The visits where she was rated as having a severe difficulty of functioning took place on July 26th and 28th, 2005, and October 6th, 2006. (Tr. 151, 153, 355).

Plaintiff has shown no marked restrictions in her daily activities, social functioning, or maintaining concentration, persistence or pace, or episodes of decompensation as set out in part "B" criteria, nor has Plaintiff shown she meets any Listing under 12.00. I find substantial evidence supports the ALJ's determination Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app

## B. Non-exertional Limitations

The Plaintiff also argues she suffers from severe non-extertional limitations associated with

her impairments. (Doc. No. 7 Pg. 11). The Plaintiff states that her non-exertional limitations include difficulty in performing manipulative or posterial (sic) functions such as lifting, bending, squatting, stopping, or crouching. (Doc. No. 7 Pg. 11). However, Plaintiff fails to point to any evidence in the record in support of this argument.

In the Social Security Disability Report, completed on March 5, 2005, Plaintiff stated she did not have physical pain, just mental pain. (Tr. 75). She also didn't place any limits on her ability stand, walk, or sit. (Tr. 75). Further, on May 3, 2005 Plaintiff completed a Function Report - Adult. (Tr. 86-93). In this report the Plaintiff indicated no affects in her ability to lift, bend, squat, stand, reach, walk, sit, or kneel. (Tr. 91). Additionally, Plaintiff testified at the hearing, that panic attacks and being nervous are what keeps her from being able to work. (Tr. 419). Finally, there are no physicians who have placed any limits on Plaintiff's ability to function in these areas. I find that the evidence in the record supports the ALJ's decision on this issue.

### C. Duty to Fully Develop the Record

Lastly, Plaintiff argues the ALJ failed to properly develop the record. Plaintiff argues the ALJ should have requested the opinions of Plaintiff's treating physicians or ordered consultative examinations and reports.

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v.*

*Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974).

In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

The record does not indicate Plaintiff's symptoms warranted the need for further testing. The record contained nearly 300 pages of medical records, the vast majority of which came from Plaintiff's treating therapists and physicians at Therapeutic Family Services Case Management. (Tr. 117-305, 332-409). Additionally, as pointed out by Defendants, the Plaintiff did not request any additional testing or record development at Plaintiff's hearing. (Tr. 413-436).

Plaintiff has failed to demonstrate either that the record was not fully developed, or prejudice if the record was not in fact fully and fairly developed. I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **4th day of September, 2008.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE