IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CRYSTAL D. CONKLIN                                                                            PLAINTIFF

vs.                                            Civil No. 6:07-cv-6071

MICHAEL J. ASTRUE                                                                            DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Crystal D. Conklin ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 4.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed an application for SSI on April 27, 2005.  (Tr. 54-55).  In this application and in the supporting documents filed with the SSA, Plaintiff alleged she was disabled due to anxiety and depression.  (Tr. 70).  Plaintiff alleged an onset date of January 31, 2003.  (Tr. 54).  These applications were initially denied on June 15, 2005 and were denied again on reconsideration on

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for this case are referenced by the designation "Tr."

1

October 6, 2005. (Tr. 34-36, 44-50).

On November 14, 2005, Plaintiff requested an administrative hearing on her application. (Tr. 39). The hearing was held on February 8, 2007 in Hot Springs, Arkansas. (Tr. 413-436). Plaintiff was present and was represented by counsel, Shannon Carroll, at this hearing. *See id.* Vocational Expert ("VE") Dr. Vance Sales, and witness Fran Honeycut, also testified at this hearing. *See id.*

On April 26, 2007, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 11-18). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 31, 2003, her alleged onset date. (Tr. 13, Finding 1). The ALJ determined Plaintiff had the following severe impairments: an anxiety disorder, major depression and alcohol/substance abuse. (Tr. 13, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 3).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 14-16, Finding 4). The ALJ evaluated Plaintiff's subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of 20 C.F.R. § 416.929. (Tr. 14-16). After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other symptoms, based upon several findings, including the following: (1) Plaintiff did not seek treatment for depression until January 2005 despite her allegation of being unable to work since January 31, 2003; (2) Plaintiff was not compliant with her medication (3) her daily activities have not been more than minimally limited; (4) no doctor has placed any restrictions on her daily activities; (5) Plaintiff can manage her own personal needs and

household work; and (6) no physician has placed any functional restrictions on Plaintiff. (Tr. 14-18).

After discounting Plaintiff's subjective complaints, the ALJ the reviewed all the medical evidence and the hearing testimony and determined Plaintiff's RFC. (Tr. 14-16, Finding 4). Specifically, the ALJ determined Plaintiff retained the RFC for work at all exertional levels. The ALJ specifically found:

> After carful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to work at all exertional levels. Despite mental impairments, she retains the mental capacity to perform the basic mental demands of competitive, remunerative, unskilled work on a sustained basis

(Tr. 14, Finding 4). *See* 20 C.F.R. § 416.967(a).

The ALJ then determined Plaintiff was unable to perform her Past Relevant Work ("PRW") but was able to perform work existing in significant numbers in the national economy. (Tr. 16-17, Findings 5, 9). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 417-419, 433-435). The VE testified that a hypothetical person with Plaintiff's RFC could not return to Plaintiff's PRW. (Tr. 433-434).

However, the VE then testified a hypothetical person with Plaintiff's RFC, age, education, and work experience could perform other work in the national economy. (Tr. 434-435). For example, the VE testified such a hypothetical person could perform work as a laundry and dry cleaner (1300 such jobs in the State of Arkansas and 235,000 in the nation), hand packager (7,000 such jobs in the State of Arkansas and 394,000 in the nation), and stocker and material handler (6000 such jobs in the State of Arkansas and 800,000 in the nation). (Tr. 17, finding 9). The ALJ went on to find Plaintiff was not under a disability from the date of her application through the date of the decision. (Tr. 17, Finding 10).

On May 9, 2007, Plaintiff requested the Appeals Council review the ALJ's unfavorable

3

decision. (Tr. 7). *See* 20 C.F.R. § 404.984(b)(2). The Appeals Council declined to review the decision of the ALJ. (Tr. 3-5). On September 19, 2007, Plaintiff appealed the ALJ's decision to this Court. ECF No. 1. The parties consented to the jurisdiction of this Court on October 5, 2007. ECF No. 4.

On September 4, 2008, this Court affirmed the decision of the SSA. ECF Nos. 9, 10. On September 12, 2008 Plaintiff appealed her case to the United States Court of Appeals for the Eight Circuit. ECF No. 11. On March 8, 2010, the United States Court of Appeals for the Eight Circuit reversed the judgment of this Court and remanded the matter for proceedings consistent with its opinion. ECF No. 15.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

The Plaintiff appealed the decision of the Commissioner finding her not disabled. She claims (1) the ALJ erred by not finding Plaintiff has an impairment, or a combination of impairments, equal to one listed in 20 C.F.R. §404.1501, *et seq.*, Appendix 1; (2) the ALJ erred in failing to address Plaintiff's non-exertional limitations; (3) the ALJ erred in his evaluation of Plaintiff's credibility; (4) the ALJ erred in his RFC determination; and (5) and the ALJ failed to fully and fairly develop the record. The Defendant argues the ALJ did not err in any of his findings.

This Court will only address Plaintiff's last three arguments as the United States Court of Appeals for the Eighth Circuit found Plaintiff's first two arguments regarding listings under mental disorders and nonexertional limitations to be without merit. ECF No. 15-2, Pg. 2.

**A. Credibility Determination**

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Consistent with the holding of the Court of Appeals, the ALJ's credibility findings in this case are not entitled to deference. The ALJ found Plaintiff had a history of noncompliance with use of medication and medical treatment and relied on this, in part, for his credibility analysis. (Tr. 15). However, Plaintiff does have a history of mental impairments and Plaintiff's noncompliance may be related to these mental impairments. The ALJ should take Plaintiff's mental impairments into account as a possible excuse for being noncompliant in seeking medical treatment and use of medication. *See Pate-Fires v. Astrue*, 564 F3d 935, 945, (8th Cir. 2009). Also, the ALJ's reliance

on Plaintiff's drug and alcohol abuse and her failure to seek treatment may not be a proper basis for the ALJ's credibility findings given her mental impairments.

Additionally, as discussed by the Court of Appeals, the ALJ's reasons for discounting Plaintiff's subjective complaints based on a Therapeutic Family Services ("TFS") record and her daily activities are questionable. To begin with, the ALJ's reliance on an August 8, 2005 TFS treatment note regarding low stress jobs is mischaracterized. (Tr. 15). This treatment note is interpreted as suggesting Plaintiff pursue low stress jobs when Plaintiff is psychologically ready to look for work. This is consistent with an earlier treatment note where a TFS therapist recommended Plaintiff apply for SSI. (Tr. 150). Additionally, as to Plaintiff's daily activities, although Plaintiff cared for her personal needs and did housework, Plaintiff also spent a lot of time in bed due to depression and occasionally did not bathe. (Tr. 378, 410). The medical record shows several instances of poor family relationships, along with Plaintiff being withdrawn and uncomfortable around others. (Tr. 251, 257, 299, 378, 408, 410). These matters should be discussed in so far as they relate to Plaintiff's credibility analysis. Finally, it would appear that Plaintiff's extended rehabilitation in the TFS day program, which Plaintiff was still attending at the time of the hearing, is consistent with Plaintiff's allegations of a disabling mental impairment.

The ALJ erred in his credibility determination of Plaintiff and this case must be reversed and remanded for further consideration and proper credibility determination of Plaintiff.

**B. RFC Determination**

Plaintiff claims the ALJ erred in his RFC determination of Plaintiff. Consistent with the holding of the Court of Appeals, this Court finds the ALJ's RFC determination is not supported by substantial evidence.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

The ALJ found Plaintiff retained the RFC to perform work at all exertional levels. (Tr. 14, Finding 4). However, as discussed by the Court of Appeals, this finding is not supported by substantial evidence. In February of 2005, Plaintiff was given a Global Assessment Functioning ("GAF") of 35 which was the same rating given by TFS staff a few weeks earlier.[3] (Tr. 100). In August of 2006, Plaintiff received a GAF of 40. Additionally, Plaintiff testified that depression,

---

[3] A GAF of 31-40 shows a major impairment in several ares such as work, family relations, judgment, or mood. *See* Am Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

9

panic attacks, paranoia and nervousness, which she suffered at work, kept her from working around others and caused attendance problems. (Tr. 419-420). This was consistent with TFS treatment records which showed social withdrawal and periodic attendance problems at work. (Tr. 251, 257, 299, 378, 410). Also, as testified by the VE, a hypothetical claimant is essentially unemployable if she was limited to working mostly alone, with minimum contact with others, or is she missed two or more days of work a month. (Tr. 433-436).

The ALJ's RFC determination is not supported by sufficient medical evidence, and this Court finds this matter should be reversed and remanded for further consideration and proper consideration of Plaintiff's GAF scores and testimony.

### C. Duty to Fully Develop the Record

Lastly, Plaintiff argues the ALJ failed to properly develop the record. Plaintiff argues the ALJ should have requested the opinions of Plaintiff's treating physicians or ordered consultative examinations and reports.

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974).

In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

As found by the Court of Appeals, given the GAF scores and the TFS records discussed above, the ALJ was on notice of the need to clarify Plaintiff's mental RFC with her treating physicians. Furthermore, the record is not clear on whether Plaintiff's depression, panic attacks, and other mental problems would be disabling absent Plaintiff's alcohol and drug use.

As a result of these findings, this Court finds the ALJ failed to properly develop the record. On remand, further development of these issues is needed.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **28th day of March, 2011.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE